**SO ORDERED.**

**SIGNED May 14, 2007.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE
_____

```
             UNITED STATES BANKRUPTCY COURT
             WESTERN DISTRICT OF LOUISIANA


IN RE:

STEVEN JOHN ROMERO                          CASE NO. 05-53714

     Debtor                                 CHAPTER 7
-----------------------------------------------------------------
                   MEMORANDUM RULING
-----------------------------------------------------------------
```

Steven John Romero ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 15, 2005. Debtor received a discharge and the case was closed on February 17, 2006. On March 15, 2007, Debtor filed a Motion to Reopen Case ("Motion"). Debtor seeks to reopen the case to add a creditor who was not previously included. NOOR Petroleum, L.L.C. ("NOOR") has filed an Objection to the Motion.

The Fifth Circuit has set forth the requirements for allowing out-of-time amendments in Matter of Stone, 10 F.3d 285 (5th Cir. 1994). Pursuant to that decision, the court must examine the

following factors: (1) the reasons the Debtor failed to list the creditor; (2) the amount of disruption which would occur; and (3) any prejudice suffered by the listed creditors and the unlisted creditor in question.

As to the first factor, the Debtor asserts that the omission of NOOR was inadvertent. The court is not convinced of the Debtor's assertion. There was substantial litigation going on between the parties at the time the bankruptcy petition was filed and that litigation has continued since that time. The failure of the Debtor to raise this issue for more than a year weighs heavily against reopening the case.

The second factor involves disruption to the court. As discussed by the court in <u>Stone</u>, the disruption caused by allowing amendments and the filing of proofs of claim is not substantial. The court does not believe the second factor is an issue here.

Finally, the court must consider prejudice. In <u>Stone</u>, the court was faced with two issues. First, neither the added creditor nor the existing creditors were prejudiced as the case was a no-asset case. Thus, distributions to creditors were not impacted. Second, the added creditor was not prejudiced by the inability to file a timely objection to discharge and/or dischargeability as the added creditor stipulated that they did not have grounds to object to either. As the present case is likewise a no-asset case, there

is no impact on distributions to creditors.  However, NOOR suggests that it does have grounds to object to the dischargeabilty of its debt.  As such, NOOR's rights could be compromised by permitting the Debtor to add the claim.

After reviewing the facts of the case and the arguments of the parties in light of existing jurisprudence, the court finds that the Debtor has not satisfied the requirements of <u>Matter of Stone</u>.  The Debtor's Motion is **DENIED.**

    **IT IS SO ORDERED.**

###